| | |
|---|---|
| **WO** | SC |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Louis Ernesto Corrales,  )  No. CV 11-1374-PHX-GMS (LOA)
      Petitioner,  )
                  )  **ORDER**
vs.  )
                  )
State of Arizona,  )
      Respondent.  )

Petitioner Louis Ernesto Corrales, who is imprisoned in the Special Management Unit II, Browning Unit, of the Arizona State Prison Complex in Florence, Arizona, has filed a *pro se* "Motion for Clarification to File Writ of Habeas Corpus" with respect to his state conviction pursuant to 28 U.S.C. § 2254. (Doc. 1.)[1] The Clerk of Court opened a civil case to facilitate consideration of Petitioner's motion, although Petitioner has not filed a habeas corpus petition or paid the $5.00 filing fee. The Court will deny the motion and dismiss this case without prejudice.

To invoke the jurisdiction of the federal courts, a litigant must satisfy the threshold requirement imposed by Article III of the Constitution by presenting a live case or controversy. See e.g., Jackson v. California Dep't of Mental Health, 399 F.3d 1069, 1071 (9th Cir. 2005) (citing Allen v. Wright, 468 U.S. 737, 750 (1984)). To satisfy the case or controversy requirement for purposes of federal habeas corpus, a prisoner must file a petition for habeas

---

[1] "Doc." refers to the docket number of filings in this case.

relief in which he alleges facts to support that he is "a person in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Calderon v. Ashmus, 523 U.S. 740 (1998) (state prisoners' attempt to litigate affirmative statute of limitation defense before filing actual habeas corpus petitions held not a justiciable controversy); United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed). Further, a habeas petition must "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner . . . ." Rule 2(c), foll. 28 U.S.C. § 2254; see 28 U.S.C. § 2242 (a petition for a writ of habeas corpus "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known ...."). A petitioner for habeas relief must also name as a respondent the state officer having custody of him. Smith v. Idaho, 392 F.3d 350, 354 (9th Cir. 2004) (citing Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994)). Further, in this District, a petitioner typically also names the Arizona Attorney General as a respondent. See Belgarde v. State of Montana, 123 F.3d 1210, 1212-13 (9th Cir. 1997).

Petitioner's motion does not satisfy the case or controversy requirement. The motion does not, for example, specify any grounds for habeas corpus relief, set forth any facts supporting any grounds for habeas relief, or provide any information about the conviction for which Petitioner seeks habeas relief, such as the crime(s) with which he was convicted. Instead, Petitioner appears to seek a determination concerning the timeliness of a petition for habeas relief, which has not yet been filed. Such determination would be advisory and improper unless and until a petition for writ of habeas corpus is filed.[2]

---

[2] The one-year statute of limitation to file a federal habeas petition runs from the latter of "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1), *excluding*

1    In short, Petitioner must file a habeas petition setting forth his claims to satisfy the case or controversy requirement.

    Petitioner's motion will be denied and this action dismissed without prejudice to Petitioner commencing a *new* case by filing a habeas petition with the $5.00 filing fee or an application to proceed *in forma pauperis*. Under this Court's local rule, a habeas petitioner must use the court-approved form when he files a *pro se* petition pursuant to 28 U.S.C. § 2254, see LRCiv 3.5(a), and he must either pay the $5.00 filing fee or submit an Application to Proceed *In Forma Pauperis*, see 28 U.S.C. § 1914. The Clerk of Court will be ordered to provide Petitioner with the court-approved forms for filing a habeas petition and an application to proceed without payment of the filing fee in a new action.

    **IT IS ORDERED:**

    (1)    Petitioner's "Motion for Clarification to File Writ of Habeas Corpus" is **denied**. (Doc. 1.)

    (2)    The Clerk of Court must enter dismissal of this action without prejudice.

    (3)    The Clerk of Court must provide Petitioner with the current court-approved forms for filing an application to proceed *in forma pauperis* and for seeking habeas relief.

    DATED this 13th day of July, 2011.

    *A. Murray Snow*
    G. Murray Snow
    United States District Judge

---

"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Woodford v. Garceau, 538 U.S. 202, 206-207 (2003); Isley v. Arizona Dep't of Corr., 383 F.3d 1054, 1055 (2004). In limited circumstances, a petitioner may also be able to establish grounds for tolling the statute of limitations.

- 3 -